# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**WAYNE B. STERNS and**<br>**KIMBERLY R. STERNS,**<br><br>Debtors. | Case No. **20-90244-BPH** |

## MEMORANDUM OF DECISION[1]

### INTRODUCTION

In this Chapter 7 bankruptcy, after due notice, a hearing was held on February 11, 2021 on Debtors' Objection[2] to Herb Kelsey's (Kelsey) Motions for Extension of Time to Object to Exemptions, Discharge, and Dischargeability of Debt ("Motion").[3] The Declaration of James H. Cossitt,[4] counsel for Kelsey, was admitted without objection. Counsel for both parties offered factual testimony and legal argument. After considering the arguments raised at the hearing and based on the record developed before the Court, the following constitute the Court's findings of fact and conclusions of law to the extent required by Rules 7052 and 9014

### BACKGROUND & FACTS

The facts are not contested. Debtors filed a voluntary chapter 7 petition on October 26,

---

[1] This Decision is not generally appropriate for publication. It is intended only to offer guidance to practitioners in this District and provide context for the Court's elimination of the local rules discussed in this Decision. To assist practitioners in this District, it is suitable for publication by the Montana Bankruptcy Reporter.
[2] ECF No. 39. References to "ECF Nos." refer to the docket in this case. Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.
[3] ECF No. 33.
[4] ECF No. 58.

1

2020.[5] The § 341 Meeting of Creditors ("§ 341 Meeting") was held on December 11, 2020.[6] The Notice scheduling the § 341 Meeting fixed January 10, 2021 as the deadline to file any objections to exemptions claimed by Debtors and fixed February 9, 2021 as the deadline to file objections to Debtors' discharge or to the dischargeability of certain debts.[7]

Kelsey has filed a proof of claim in this case.[8] On January 7, 2021, Kelsey filed the Motion seeking to extend the deadlines to file objections to exemptions, objections to Debtors' discharge, and objections to the dischargeability of certain debts. The Motion explains that counsel for Kelsey was not retained until December 20, 2020,[9] and that counsel requires time beyond the January 10, 2021 and February 9, 2021 deadlines to investigate the facts in this case and determine whether any basis exists to file objections. In addition to the factual investigation, the Motion represents that counsel planned to conduct a Rule 2004 examination of Debtor Wayne Sterns ("Wayne"), which he ultimately accomplished on February 10, 2021. To avoid future requests to extend the deadlines originally set in the Notice scheduling the § 341 meeting, the Motion requested a singular extension to April 9, 2021 to file objections to exemptions, Debtors' discharge, or the dischargeability of certain debts.[10]

This Court granted the Motion on January 8, 2021.[11] Although not explicitly stated in its

---

[5] ECF No. 1.
[6] ECF No. 10.
[7] *Id.*
[8] *See* Proofs of Claim 21-1 and 21-2. Although the proofs of claim indicate the basis of the claim is a promissory note, a promissory note is not attached to the proof of claim.
[9] While counsel may not have had any formal meeting with Kelsey until December 20, it should be clarified that counsel entered his Notice of Appearance in this case on December 17, 2020. *See* ECF No. 22.
[10] ECF No. 33. Kelsey's counsel explained at the hearing that by requesting a singular long extension he would avoid the costs associated with multiple requests which he anticipated may be necessary based on his investigation to date. Nonetheless, he also conceded that he was confident he would be capable of filing his objection to exemptions on or before March 9, 2021.
[11] ECF No. 35.

Order, its decision was consistent with Mont. Local Bankruptcy Rules, ("LBR") 9013-1(h)(2)(E), (G), and (GG). Generally, those rules provide that the Court will routinely grant, without notice or hearing, motions requesting additional time to file dischargeability complaints under Rule 4007(c), objections to a debtor's discharge under Rule 4004(b)(1), or objections to claimed exemptions under Fed. R. Bankr. P. 4003(b). After the relief is granted, a party in interest may object and schedule a hearing to reconsider the Court's Order within 14 days of its entry. LBR 9013-1(h)(2). Generally, the hearing is held at least 21 days after the objection is filed. LBR 9013-1(g).

Debtors filed their Objection to Kelsey's Motion on January 11, 2021.[12] The Objection contends that Kelsey's Motion should be denied because Kelsey has not established "cause" warranting the extensions as required by Rules 4004(b)(1), 4007(c), and 4003(b)(1). Since the Objection was filed after the Motion was granted under LBR 9013-1(h)(2), the Objection is treated as a request for reconsideration consistent with the LBRs.

Debtors' Objection asserts that they have been entirely cooperative and responsive to Kelsey and have in no way impeded his ability to conduct an investigation to determine whether grounds exist under the Code to object to Debtors' homestead exemption, their discharge, or to the dischargeability of any debts. The Objection argues that Kelsey's inability to make those determinations prior to the original deadlines is a result of his own failure to timely obtain counsel for himself. As the Objection notes, Kelsey originally attempted to conduct a 2004 examination of Wayne with the assistance of Dan McCaul ("McCaul"), a non-attorney third-party who has made repeated attempts to involve himself in this proceeding. It was not until after Debtors' counsel questioned McCaul's role that Kelsey obtained his current counsel.

---

[12] ECF No. 39.

3

Accordingly, Debtors contend that Kelsey has not established that the Motion should be granted for cause under Rules 4004(b)(1), 4007(c), and 4003(b)(1).

## ANALYSIS

This case presents the Court with an opportunity to analyze its own local rules and examine their propriety in light of the applicable federal rules. It turns to those federal rules first.

I.    **Applicable Federal Rules and the "Cause" Standard**.

    A.  **Rules 4003, 4004, and 4007**.

Rule 4003(b)(1) provides that all objections to the list of property a debtor claims as exempt are due withing 30 days after the § 341 meeting of creditors. Subsection (b)(1) goes on to state that "[t]he court may, *for cause*, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension." (emphasis added).

Similarly, Rule 4004(a) generally requires that all objections to a debtor's discharge pursuant to § 727 be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4004(b)(1), not unlike Rule 4003(b)(1), provides that "[o]n motion of any party in interest, after notice and a hearing, the court may *for cause* extend the time to object to discharge." (emphasis added). Rule 4004(c) directs that the "court shall forthwith grant the discharge," on expiration of the time fixed for objecting, unless certain exceptions apply, including a pending motion to extend the time for filing a complaint objecting to discharge. Rule 4004(c)(1)(E).

Similar to Rule 4004, Rule 4007 provides for a 60-day window following the § 341 meeting for creditors to file a complaint to determine the dischargeability of a debt under § 523(c) in a chapter 7 case. Not unlike Rules 4004 and 4003, Rule 4007(c) provides that "[o]n motion of a party in interest, after hearing on notice, the court may *for cause* extend the time

4

fixed under this subdivision." (emphasis added). While the applicability of each of these Rules varies, each serves an identical purpose. Each Rule sets a deadline for objections and clarifies that such deadline will be extended only "for cause." The Court now turns to what constitutes "cause."

### B. The "Cause" Standard.

Rule 9006(b)(3) specifically excludes the deadlines prescribed by Rules 4003(b), 4004(a), and 4007(c) from those deadlines that may be extended due to "excusable neglect." This is not by coincidence. Instead, the reference to these Rules in Rule 9006(b) makes clear that their deadlines shall only to be extended if something more is established–i.e. "cause."

Turning first to Rule 4003(b), the United States Supreme Court has made clear that the Rule's 30-day deadline is to be enforced strictly. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992). As it recognized, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.* In the context of Rules 4004(b) and 4007(c), bankruptcy courts have held that "[t]he power to extend the 60-day deadlines prescribed in [Rules 4004(b) and 4007(c)] 'rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date…but was unable to do so.'" *In re Bomarito*, 448 B.R. 242, 248 (Bankr. E.D. Cal. 2011) (quoting *In re Farhid*, 171 B.R. 94, 96 (N.D. Cal. 1994).

This Court has considered the "cause" standard in the context of Rules 4004(b) and has held that "cause" is not established where "the moving party offers no evidence to show that he or she has diligently prosecuted an investigation of the underlying issues and offers no reasonable explanation why that investigation could not be completed within the time allotted." *In re Marsh*, 2012 WL 4482581 *3 (Bankr. D. Mont. 2012). In *Marsh*, the Court seemed to

5

adopt the standard set forth in *Bomarito*, and held that to establish cause, "the moving party must (1) make an affirmative showing that he or she has, with reasonable diligence attempted to investigate the facts and circumstances, and (2) offer a reasonable explanation of why that investigation could not be completed within the allotted time." *Id.* (quoting *Bomarito*, 448 B.R. at 251). This standard for "cause" is far from onerous. It requires reasonable diligence and an explanation.

The standard discussed in *Marsh* requires the party seeking an extension to promptly investigate the facts and circumstances with reasonable diligence. If this is accomplished, but the moving party remains unable to complete its investigation in the allotted time, they must file a request for additional time accompanied by an explanation to the Court that justifies the requested relief. If the standard is not satisfied, no extension will be given. This bright-line rule encourages prompt action and promotes finality in bankruptcy proceedings. *See Taylor*, 503 U.S. at 644

II.     LBRs 9013-1(h)(2)(E), (G), and (GG).

Despite this Court's consideration of the "cause" standard and articulation of a seemingly clear rule in *Marsh*, the broader implications of that decision on the related LBRs was not considered. It comes as no surprise, then, that the practical impact of *Marsh* on the practice in this District has been virtually nonexistent. At a minimum, the *Marsh* holding conflicts with certain local rules. LBR 9013-1(h)(2) states:

> The following matters will be routinely granted or denied, without notice or hearing, in the Court's discretion, with any party in interest having the right to object, request a hearing and schedule a hearing to reconsider the issuance of any Order within fourteen (14) days of the date of the Order. . . .

Subsections (E), (G), and (GG) refer to objections to discharge, dischargeability, and claimed exemptions.

6

The effect of these LBRs in this case has highlighted at least two issues that are problematic. First, LBRs 9013-1(h)(2)(E), (G), and (GG) do away with the "cause" standard required by their federal counterparts, Rules 4003(b)(1), 4004(b)(1), and 4007(c)(1), thereby eliminating any impetus for the moving party to act promptly and investigate the facts and circumstances of each case with reasonable diligence. In essence, the moving party is relieved of their burden to establish cause. Instead, the objecting party bears the burden and must establish that a prior order of the Court is subject to being reconsidered.[13] Second, these LBRs create a procedural "catch twenty-two" that creates a trap for the unwary.

The Ninth Circuit has recognized, "a local rule of bankruptcy procedure cannot be applied in a manner that conflicts with the federal rules." *Anwar v. Johnson*, 720 F.3d 1183, 1189 (9th Cir. 2013). In this case, the effect of the LBRs was entry of an Order immediately granting Kelsey's Motion and providing an extension of the deadlines to April 9, 2021.[14] Debtors filed their Objection within 14 days of the entry of the Court's Order and set the matter for hearing as required by the LBRs. The hearing was held on February 11, 2021. Between the date Kelsey's Motion was filed and the hearing, more than 30 days elapsed, resulting in a de facto extension of the deadlines without any showing of cause by Kelsey as required by the applicable Rules. These LBRs conflict with their corresponding Rules.

The additional problem created by the procedure adopted by the LBRs is that if the objecting party prevails at the hearing on reconsideration, the extension granted to the moving party is rescinded. This leaves the moving party immediately barred from objecting to discharge

---

[13] Objecting parties must disprove that cause existed for the extension even though the motion was granted without any real scrutiny. The basis for reconsideration is not defined. For example, is reconsideration sought under Rule 9023, 9024, or some other standard?

[14] ECF Nos. 35, 36, and 37.

despite the Court's prior granting of the requested extension. This Court can discern no explanation for the maintenance of this procedural trap which unnecessarily injects uncertainty and peril into a process that the Rules and case law already address. If a diligent investigation has been undertaken by the party seeking an extension, it may move the Court accordingly upon a showing of cause. Absent a showing of cause, the moving party will not receive the requested extension. *See Marsh,* 2012 WL 4482581 *3.

### III. LBRs 9013(h)(2)(E), (G), and (GG) are eliminated.

These issues lead this Court to determine that the existing procedure created by LBRs 9013-1(h)(2)(E), (G), and (GG) cannot be reconciled with Rules 4003, 4004, and 4007. Therefore, it determines that these local rules should be abolished and will issue a separate order accordingly.

Turning to Kelsey's Motion, it appears that in part the requested extension is the result of Kelsey's failure to retain counsel prior to December 17, 2020. By the time Kelsey retained counsel, the case had been pending 52 days. Kelsey's counsel was retained 24 days prior to the exemption deadline, and 54 days before the dischargability deadline. The record reflects that Kelsey's counsel acted has acted diligently since appearing in the case, but that does not excuse Kelsey's failure to retain counsel sooner. Under these circumstances, the Court cannot conclude that Kelsey should be permitted to and through April 9, 2021 to object to discharge. However, given the procedural dilemma that arises from the Court's prior entry of an order granting that relief, it must balance the interests of both parties. Debtors Objection will be sustained in part and overruled in part.

In the future, requests for extensions under Rules 4003, 4004, and 4007 will be denied unless the moving party satisfies their burden and demonstrates "cause" exists for the requested

relief. [15] Going forward, the moving party must simply file a motion explaining in sufficient detail why cause exists for the requested extension. Parties-in-interest shall have 14 days from the filing of the motion to file any objections to the requested extension. If necessary, the Court will conduct a hearing on the motion and will routinely grant requests for such matters to be heard on an expedited basis.

## CONCLUSION

For the reasons stated above, the Court will enter a separate order sustaining in part and overruling in part Debtors' Objection to Kelsey's Motion. Kelsey's counsel shall be provided an additional 30 days from February 25, 2021, to complete any investigation and file any objection to exemptions or discharge. Additionally, the Court will enter a separate Order abolishing LBRs 9013-1(h)(2)(E), (G), and (GG).

Dated: February 25, 2021.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana

---

[15] This change will require a "cultural" shift by moving parties away from the practice of requesting an extension on the eve of the deadline, comfortable with the knowledge that, at a minimum, an additional 30 days will be afforded them before any objection is heard.

9